UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY HERNANDEZ,<br><br>   Plaintiff,<br><br>   v.<br><br>M. MARTINEZ, et al.,<br><br>   Defendants. | Case No.: 1:10-cv-01064-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS FROM ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 22] |

Plaintiff Tony Hernandez is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**PROCEDURAL HISTORY**

Plaintiff initiated the instant action on June 14, 2010. On May 10, 2013, the Court screened Plaintiff's complaint and found that it stated some cognizable claims. The Court ordered Plaintiff to either amend his complaint or notify the Court that he did not wish to amend and wished to proceed only on the claims found to be cognizable. On May 30, 2013, Plaintiff filed a second amended complaint. On June 28, 2013, the Court found Plaintiff stated a cognizable claim for excessive force and informed Plaintiff he could either file a second amended complaint or notify the Court of his intent to proceed on the excessive force claim only.

///

Now pending before the Court is Plaintiff's second amended complaint, filed July 12, 2013. For the reasons set forth below, the Court finds that this action shall proceed on Plaintiff's excessive force claim against Defendant A. Martinez, and all other claims and defendants shall be dismissed from the action for failure to state a cognizable claim.

## II.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

///

## III.

## COMPLAINT ALLEGATIONS

Plaintiff is currently in the custody of the California State Prison ("CSP") in Corcoran, California.  However, the incidents described in Plaintiff's complaint took place while he was incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga, California.  Plaintiff names M. Martinez (Licensed Psychiatric Technician; hereinafter "LPT"), and A. Martinez, (law librarian) as Defendants.

On March 12, 2010, LPT M. Martinez conducted her medication rounds and stopped at Plaintiff's cell.  Plaintiff immediately advised M. Martinez that his father and nephew were to planning to visit him and his father was terminally ill.  The visitation was initially supposed to take place on Facility-A; however, Plaintiff's placement in Facility-D posed a danger to his family members because inmate Alvin Flowers was also housed in the facility.  Inmate Flowers is incarcerated for the death of Plaintiff's niece.  Plaintiff requested M. Martinez to notify the head psychologist and custody staff of an "enemy conflict."

Defendant M. Martinez then left and returned without warning and began viewing Plaintiff in various stages of "undress."  While Plaintiff was putting on his underwear and after he pulled them up he noticed that M. Martinez, a female correctional officer, was present.  M. Martinez advised Plaintiff the head psychologist was not working and he would have to wait until tomorrow.  Plaintiff sat down on his bed and put on his socks and shirt.  M. Martinez left the area and gave no indication that she had viewed Plaintiff's changing his clothes.

However, LPT M. Martinez went to the Sergeant A. Todd and provided false information that the Plaintiff had purposefully exposed his genitals to her while she was conducting the mandatory mental health rounds.  Plaintiff was subsequently escorted from his cell to a holding cell next to the nurse's station.  Plaintiff attempted to speak with Sergeant A. Todd, however he refused.  Because of Plaintiff's placement in the holding cell, he had no means to notify his family of the enemy conflict.  Plaintiff was charged and found guilty of a Rules Violation Report for indecent exposure.

In order to protect his family of the enemy situation, Plaintiff "hung" himself by ripping off a piece of his t-shirt, wrapping it tightly around his neck, and typing it while Defendant A. Martinez

watched. Plaintiff was unable to stand, dropped to the ground, and hit his head. Defendant A. Martinez emptied an entire can of mace onto Plaintiff's face. Plaintiff alleges that Defendant sprayed him needlessly because Defendant Martinez should have instead set off the alarm for help. Defendant Martinez instead insisted that Plaintiff remove the t-shirt, even though he knew Plaintiff was not able to breath. Plaintiff was taken to Fresno Community Hospital for treatment following the incident.

On April 9, 2010, Defendant A. Martinez (law librarian) threatened Plaintiff that he would mace him again and beat him "until he cried like a little girl." On May 3, 2011, Defendant A. Martinez carried out his threat to again mace Plaintiff, when he requested legal photo copies of legal documents. Defendant A. Martinez opened the tray slot to Plaintiff's cell and threw the briefs into the cell. When Plaintiff reached down to pick up the papers, Defendant A. Martinez sprayed Plaintiff's back with mace and directed the chemical agent onto the legal documents, stating "you['re] going to remember this day walked to the top of the stairs yelling I need a team." Plaintiff's cellmate began screaming that he could not breathe because he was allergic to mace. In response, Plaintiff began kicking the door to get medical and staff attention. Defendant A. Martinez then returned to continue spraying more mace into the cell through the food tray slot. The mace covered Plaintiff's face, chest, and back.

Defendant A. Martinez attempted to have Plaintiff's cellmate confirm that Plaintiff threatened Defendant A. Martinez. However, Plaintiff's cellmate responded that A. Martinez sprayed them for no reason. Defendant A. Martinez charged Plaintiff with assault on staff. As a result, Plaintiff was found guilty of a 115 Rules Violation Report assault on staff.

**IV.**

**DISCUSSION**

A.   **Eighth Amendment Excessive Force Claims**

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the use of excessive physical force. Wilkins v. Gaddy, 130 S.Ct. 1175, 1178 (2010) (per curiam); Hudson v. McMillian, 503 U.S. 1, 8-9, 112 S.Ct. 995 (1992). What is necessary to show sufficient harm under the Eighth Amendment depends upon the claim at issue, with the objective component being contextual and responsive to contemporary standards of decency. Hudson, 503 U.S. at 8

4

1  (quotation marks and citations omitted).  For excessive force claims, the core judicial inquiry is
2  whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously
3  and sadistically to cause harm.  Wilkins, 130 S.Ct. at 1178.

4  Not every malevolent touch by a prison guard gives rise to a federal cause of action.  Wilkins,
5  130 S.Ct. at 1178.  Necessarily excluded from constitutional recognition is the de minimis use of
6  physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind.
7  Id.  In determining whether the use of force was wanton and unnecessary, courts may evaluate the
8  extent of the prisoner's injury, the need for application of force, the relationship between that need and
9  the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts
10  made to temper the severity of a forceful response.  Hudson, 503 U.S. at 7.

11  While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not
12  end it.  Hudson, 503 U.S. at 7.  The malicious and sadistic use of force to cause harm always violates
13  contemporary standards of decency.  Wilkins, 130 S.Ct. at 1178.  Thus, it is the use of force rather
14  than the resulting injury which ultimately counts.  Id.

15  The Court finds that Plaintiff's allegations of being unnecessarily maced on two separate
16  occasions are sufficient at the pleading stage to state a claim against Defendant A. Martinez (law
17  librarian) for use of excessive force, in violation of the Eighth Amendment.

18  **B.     Fourteenth Amendment—Due Process**

19  The Due Process Clause protects Plaintiff against the deprivation of liberty without the
20  procedural protections to which he is entitled under the law.  Wilkinson v. Austin, 545 U.S. 209, 221,
21  125 S.Ct. 2384 (2005).  To state a claim, Plaintiff must first identify the interest at stake.  Wilkinson,
22  545 U.S. at 221.  Liberty interests may arise from the Due Process Clause itself or from state law.  Id.
23  The Due Process Clause does not confer on inmates a liberty interest in avoiding more adverse
24  conditions of confinement, and under state law, the existence of a liberty interest created by prison
25  regulations is determined by focusing on the nature of the condition of confinement at issue.  Id. at
26  221-23 (citing Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995)).  Liberty interests
27  created by prison regulations are generally limited to freedom from restraint which imposes atypical
28

5

1  and significant hardship on the inmate in relation to the ordinary incidents of prison life. Id. at

2  221(citing Sandin, 515 U.S. at 484); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

3      1.    Physical Observation by Opposite Sex

4  Several courts have recognized prisoner's claims regarding their right not to be viewed naked

5  by the opposite sex. Michenfelder v. Sumner, 860 F.2d 328, 334 (9th Cir 1985); Grummett v. Rushen,

6  779 F.2d 491, 494-95 (9th Cir.1985). The Michenfelder court noted that the presence of female

7  corrections officers at a strip search of male prisoners was not routine, and that there was no evidence

8  that the incident complained of was anything but an isolated one. Michenfelder, 860 F.2d at 334. In

9  dismissing another prisoner's Section 1983 claim, the Grummett court noted that while a prisoner's

10 interest in not being viewed naked by the opposite sex is a protected one, where observation is

11 infrequent and restricted, court intervention is unwarranted. Grummett, 779 F.2d at 495.

12 Here, Plaintiff alleges violations of his privacy from Defendant M. Martinez (psych tech)

13 viewing him putting on his underwear. Plaintiff alleges facts that Defendant M. Martinez is female

14 and of the opposite sex as Plaintiff. Although courts have recognized limited privacy rights for

15 prisoners in regards to nudity, Plaintiff's complaint is devoid of factual support that Defendant M.

16 Martinez acted in violation of his Due Process rights. Plaintiff makes no allegations this occurred on a

17 regular basis. Accordingly, Plaintiff fails to state a cognizable due process against M. Martinez.

18     2.    Challenge to Rules Violation Reports

19 Plaintiff alleges that he was issued a rules violation report for indecent exposure and assault on

20 a peace officer as a result of the allegations contained in the amended complaint. With regard to both

21 violations, Plaintiff was assessed, among other things, the forfeiture of custody credits and placement

22 in solitary confinement.

23 First, the Supreme Court has held that to recover damages for "harm caused by actions whose

24 unlawfulness would render a conviction or sentence invalid," a section 1983 plaintiff must prove that

25 the conviction or sentence was reversed, expunged, or otherwise invalidated. Heck v. Humphrey, 512

26 U.S. 477, 486-487 (1994). The Supreme Court instructed courts faced with prisoner section 1983 suits

27 to "consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his

28 conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can

demonstrate that the conviction or sentence has already been invalidated." Id. at 487.  The Heck bar exists the preserve the rule that federal challenges, which, if successful, would necessarily imply the invalidity of incarceration or its duration, must be brought by petition for writ of habeas corpus. Muhammad v. Close, 540 U.S. 749, 750-751 (2004).

The same principle applies when, as here, a prisoner raises section 1983 claims challenging the validity of a disciplinary conviction resulting in the loss of good-time credits.  Edwards v. Balisok, 520 U.S. 641, 644-646 (1997) (holding that claims alleging procedural defects and bias by a hearing officer at disciplinary hearing were not cognizable under Heck, because they implied the invalidity of a credit forfeiture imposed at the hearing).  A credit forfeiture resulting from a disciplinary conviction affects the overall length of a prisoner's confinement.

The documents attached to Plaintiff's complaint reveal that he was assessed a loss of 90 days credit as a result of the indecent exposure rules violation and a loss of 150 days credit as a result of the assault on a peace officer rules violation.   Plaintiff alleges the violations were based on false accusations by Defendants, and with regard to the violation for indecent exposure he was denied the opportunity to present witness testimony at the hearing.  If Plaintiff prevails on his claims and shows a due process violation under Wolff v. McDonnell, 418 U.S. 539 (1974),[1] a judgment in his favor will necessarily imply the invalidity of his credit loss.  See Edwards, 520 U.S. at 644.  (Heck barred due process claims based on allegations that hearing officer was biased, concealed exculpatory witness statements, and refused to ask the questions of identified witnesses as requested by the prisoner). Under Heck and Edwards, Plaintiff's section 1983 action cannot proceed until his disciplinary conviction is invalidated.[2]

Furthermore, the Due Process Clause itself does not contain any language that grants a broad right to be free from false accusations, but guarantees certain procedural protections to defend against

---

[1] Under Wolff, the Fourteen Amendment requires prison officials to provide the prisoner with: (1) written notice of the charges at least 24-hours before the hearing; (2) the opportunity to appear in person at the hearing, to call witness, and to present rebuttal evidence; (3) a written statement by the factfinders of the evidence relied on for their decision and the reasons for the actions taken by the committee; and (4) there must be some evidence to support the disciplinary charge. Wolff, 418 U.S. at 564-566.

[2] The Heck bar applies even in instances where the plaintiff does not challenge the credit loss, but seeks only damages. Edwards, 520 U.S. at 644.

7

false accusations.  Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986).  To the extent Plaintiff attempts to allege a liberty interest due to being placed administrative segregation, the Due Process Clause does not "create a liberty interest in freedom from administrative segregation."  Toussaint v. McCarthy, 801 F.2d 1080, 1091 (9th Cir. 1985), abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).  Accordingly, Plaintiff has not stated a cognizable due process violation with regard to the issuance of the rules violations.

### C. Fourteenth Amendment—Equal Protection Claim

Finally, Plaintiff alleges that he was denied equal protection under the law.  The Equal Protection Clause requires that persons who are similarly situated be treated alike.  City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Hartmann, 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030-31 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008).  To state a claim, Plaintiff must allege facts showing that Defendants acted with an intent or purpose to discriminate against him based on his membership in a protected class.  Hartmann, 707 F.3d at 1123.

Plaintiff's complaint is devoid of any facts which suggest Defendants intentionally discriminated against him by treating him differently than other similarly situated inmates and he fails to state a claim.  Hartmann, 707 F.3d at 1123; Furnace, 705 F.3d at 1030-31.  Accordingly, Plaintiff's allegations fail to state a claim upon which relief may be granted for a violation of the Equal Protection Clause.

### V.
### RECOMMENDATION

Plaintiff's claim against Defendant A. Martinez for excessive force in violation of the Eighth Amendment is cognizable and appropriate for service by the U.S. Marshal.[3]  However, all the other claims and Defendant M. Martinez must be dismissed from the action for failure to state a cognizable claim.[4]  This Findings and Recommendation is submitted to the assigned United States District Court

---

[3] In a separate order issued concurrently herewith, the Court has directed Plaintiff to complete the necessary service documents for service of process by the U.S. Marshal.

Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy, Plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __December 20, 2013__

UNITED STATES MAGISTRATE JUDGE

---

[4] In light of the fact that the Court previously notified Plaintiff of the deficiencies and granted leave to amend on two prior occasions, further amendment is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-1449 (9th Cir. 1987).