1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10

11   TONY HERNANDEZ,                          )    Case No.: 1:10-cv-01064-LJO-SAB (PC)
                                             )
12              Plaintiff,                    )
                                             )    FINDINGS AND RECOMMENDATIONS
13        v.                                  )    REGARDING DEFENDANT'S MOTION FOR
                                             )    JUDGMENT ON THE PLEADINGS
14   MARTINEZ, et al.,                        )
                                             )    [ECF Nos. 32, 34, 41]
15              Defendant.                    )
                                             )
16   _____ )

17        Plaintiff Tony Hernandez is appearing pro se and in forma pauperis in this civil rights action

18   pursuant to 42 U.S.C. § 1983.

19                                          **I.**

20                                    **BACKGROUND**

21        This action is proceeding against Defendant Martinez for use of excessive force on March 12,

22   2010, and May 3, 2011.

23        On May 2, 2014, Defendant filed a motion for judgment on the pleadings.  Plaintiff filed an

24   opposition on May 22, 2014, and Defendant filed a reply on May 29, 2014.  On June 11, 2014,

25   Plaintiff filed a surreply to Defendant's reply.  Defendant opposes Plaintiff's filing of surreply and

26   requests that it be stricken as unauthorized by the Local Rules of this Court.

27   ///

28   ///

                                             1

**II.**

**ALLEGATIONS OF SECOND AMENDED COMPLAINT**

On March 12, 2010, Martinez conducted her medication rounds and stopped at Plaintiff's cell. Plaintiff immediately advised Martinez that his father and nephew were to planning to visit him and his father was terminally ill.  The visitation was initially supposed to take place on Facility-A; however, Plaintiff's placement in Facility-D posed a danger to his family members because inmate Alvin Flowers was also housed in the facility.  Inmate Flowers is incarcerated for the death of Plaintiff's niece.  Plaintiff requested Martinez to notify the head psychologist and custody staff of an "enemy conflict."

Defendant Martinez then left and returned without warning and began viewing Plaintiff in various stages of "undress."  While Plaintiff was putting on his underwear and after he pulled them up he noticed that Martinez, a female correctional officer, was present.  Martinez advised Plaintiff the head psychologist was not working and he would have to wait until tomorrow.  Plaintiff sat down on his bed and put on his socks and shirt.  Martinez left the area and gave no indication that she had viewed Plaintiff's changing his clothes.

However, Martinez went to the Sergeant A. Todd and provided false information that the Plaintiff had purposefully exposed his genitals to her while she was conducting the mandatory mental health rounds.  Plaintiff was subsequently escorted from his cell to a holding cell next to the nurse's station.  Plaintiff attempted to speak with Sergeant A. Todd, however he refused.  Because of Plaintiff's placement in the holding cell, he had no means to notify his family of the enemy conflict. Plaintiff was charged and found guilty of a Rules Violation Report for indecent exposure.

In order to protect his family of the enemy situation, Plaintiff "hung" himself by ripping off a piece of his t-shirt, wrapping it tightly around his neck, and tying it while Defendant Martinez watched.  Plaintiff was unable to stand, dropped to the ground, and hit his head.  Defendant Martinez emptied an entire can of mace onto Plaintiff's face.  Plaintiff alleges that Defendant sprayed him needlessly because Defendant Martinez should have instead set off the alarm for help.  Defendant Martinez instead insisted that Plaintiff remove the t-shirt, even though he knew Plaintiff was not able to breath.  Plaintiff was taken to Fresno Community Hospital for treatment following the incident.

1          On April 9, 2010, Defendant Martinez threatened to mace Plaintiff again and beat him "until

2     he cried like a little girl."  On May 3, 2011, Defendant Martinez carried out his threat to again mace

3     Plaintiff, when he requested legal photo copies of legal documents.  Defendant Martinez opened the

4     tray slot to Plaintiff's cell and threw the briefs into the cell.  When Plaintiff reached down to pick up

5     the papers, Defendant Martinez sprayed Plaintiff's back with mace and directed the chemical agent

6     onto the legal documents, stating "you['re] going to remember this day walked to the top of the stairs

7     yelling I need a team."  Plaintiff's cellmate began screaming that he could not breathe because he was

8     allergic to make.  In response, Plaintiff began kicking the door to get medical and staff attention.

9     Defendant Martinez then returned to continue spraying more mace into the cell through the food tray

10    slot.  The mace covered Plaintiff's face, chest, and back.

11         Defendant Martinez attempted to have Plaintiff's cellmate confirm that Plaintiff threatened

12    Defendant Martinez.  However, Plaintiff's cellmate responded that Martinez sprayed them for no

13    reason.  Defendant Martinez charged Plaintiff with assault on staff.  As a result, Plaintiff was found

14    guilty of a 115 Rules Violation Report assault on staff.

15                                                    **III.**

16                          **DEFENDANT'S MOTION TO STRIKE SURREPLY**

17         As stated above, Plaintiff filed a reply to Defendant's reply ("surreply") on June 11, 2014.

18    Defendant filed a motion to strike Plaintiff's surreply on June 12, 2014, arguing that the surreply is not

19    authorized by the Federal Rules of Civil Procedure or the Local Rules of this Court.

20         The Local Rules of this Court governing motions in prisoner cases do not provide for the

21    submission of a surreply.  Local Rule 230(l).  A district court may allow a surreply to be filed, but

22    only "where a valid reason for such additional briefing exists, such as where the movant raises new

23    arguments in its reply brief."  Hill v. England, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005).

24         In light of the fact that the instant motion is for judgment on the pleadings and Plaintiff is

25    proceeding pro se, the Court has reviewed Plaintiff's surreply and finds it contains relevant

26    information to the resolution of the instant motion and the Court should exercise its discretion to

27    consider Plaintiff's surreply and deny Defendant's motion to strike such surreply.

28    ///

                                                      3

**IV.**

**MOTION FOR JUDGMENT ON THE PLEADINGS**

**A.      Legal Standard**

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  Judgment on the pleadings is appropriate when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law.  Hal Roach Studios, Inc., v. Richard Feiner and Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989).

When deciding a Rule 12(c) motion, "the allegations of the nonmoving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc., 896 F.2d at 1550 (citing Doleman v. Meiji Mutual Life Ins. Co., 727 F.2d 1480, 1482 (9th Cir. 1984); Austad v. United States, 386 F.2d 147, 149 (9th Cir. 1967)).  The court construes all material allegations in the light most favorable to the non-moving party.  Deveraturda v. Globe Aviation Sec. Servs., 454 F.3d 1043, 1046 (9th Cir. 2006). Furthermore, judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law.

Documents attached to, incorporated by reference in, or integral to the complaint may be properly considered under Rule 12(c) without converting the motion into one for summary judgment. Rose v. Chase Manhattan Bank USA, 396 F.Supp.2d 1116, 1119 (C.D. Cal. 2005) (citing GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997).  However, judgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment.  Hal Roach Studios, 896 F.2d at 1550.

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is subject to the same standard as a Rule 12(b)(6) motion: dismissal is proper where "it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations."

1   McGlinchy v. Shell Chemical, 845 F.2d 802, 810 (9th Cir. 1988) (internal quotations and citations

2   omitted).

3         **B.**       **Failure to Exhaustion Administrative Remedies as to March 12, 2010, Claim**

4         Defendant moves to dismiss this action as to the March 12, 2010, incident on the ground that

5   Plaintiff failed to exhaust the CDCR's administrative appeals process as evidence on the face of the

6   Second Amended Complaint.

7         1.       Statutory Exhaustion Requirement

8         Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with

9   respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined

10   in any jail, prison, or other correctional facility until such administrative remedies as are available are

11   exhausted."   42 U.S.C. § 1997e(a).   Prisoners are required to exhaust the available administrative

12   remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d

13   1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner

14   and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and

15   the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516,

16   532 (2002).  The failure to exhaust in compliance with section 1997e(a) is an affirmative defense

17   under which Defendant has the burden of raising and proving the absence of exhaustion.  Jones, 549

18   U.S. at 216;

19         Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense

20   under which defendants have the burden of raising and proving the absence of exhaustion.  Jones, 549

21   U.S. at 216.  The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is

22   ordinarily subject to a motion for summary judgment in which the court may look beyond the

23   pleadings.  Albino v. Baca, 747 F.3d 1162, 1170 (9th Cir. 2014).  However, where an inmate's

24   complaint shows a failure to exhaust on its face, it is subject to dismissal under Rule 12(b)(6).  Id. at

25   1166; Jones, 549 U.S. at 215 ("A complaint may be subject to dismissal under Rule 12(b)(6) when an

26   affirmative defense … appears on its face.") (quoting Loveto v. Lapina, 258 F.3d 156, 161 (3d Cir.

27   2001)).

28   ///

1          2.          California Department of Corrections and Rehabilitation Administrative
2                      Grievance System

3          The Court takes judicial notice of the fact that the California Department of Corrections and

4   Rehabilitation (CDCR) has an administrative grievance system for prisoner complaints.[1]  Cal. Code.

5   Regs., tit. 15 § 3084.1.  The CDCR has an administrative grievance system for prisoners to appeal any

6   departmental decision, action, condition, or policy having an adverse effect on prisoners' welfare.

7   Cal. Code Regs. tit. 15, § 3084.1.  Prior to 2011, the process was initiated by submitting a CDCR

8   Form 602 describing the problem and the action requested, tit. 15, § 3084.2(a), and appeal had to be

9   submitted within fifteen working days of the event being appealed or of the receipt of the unacceptable

10  lower level decision, tit. 15, § 3084.6(c).  Up to four levels of appeal may be involved, including the

11  informal level, first formal level, second formal level, and third formal level, also known as the

12  Director's Level.  Tit. 15, § 3084.5.  In order to satisfy section 1997e(a), California state prisoners are

13  required to use this process to exhaust their claims prior to filing suit.  Woodford v. Ngo, 548 U.S. 81,

14  85-86 (2006); McKinney, 311 F.3d at 1199-1201.  On January 28, 2011, the inmate appeals process

15  was modified and limited to three level of review with provisions allowing the first level to be

16  bypassed under specific circumstances.  Cal. Code Regs. tit. 15, § 3084.7.

17          a.          **Defendant's Motion**

18          Defendant argues Plaintiff's conclusory statement that he has exhausted his administrative

19  remedies regarding the March 12, 2010, incident, is not sufficient to defeat a motion to dismiss.  The

20  exhibits attached to Plaintiff's second amended complaint demonstrate that administrative remedies

21  were available to him and that he failed to exhaust CDCR's administrative grievance process

22  concerning the March 12, 2010, excessive force claims raised herein.  Specifically, Defendant argues

23  that Plaintiff attaches Exhibit B to prove exhaustion.  However, Defendant argues such appeal did not

24  serve to exhaust the claims against the Defendant because (1) it did not comply with the regulations

25  concerning grieving a non-healthcare issue; (2) it did not put CDCR on notice of an excessive-force

26  claim against Defendant; and (3) the appeal was not filed and exhausted before Plaintiff filed suit.

27  _____

28  [1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court may take judicial notice on its own of a fact that can be
    accurately and readily determined from sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b)(2).

1

### b.  Plaintiff's Opposition

2    In opposition, Plaintiff argues that his only avenue of appeal was to exhaust his medical health

3  care 602 appeal prior to the court's screening of the complaint, for which Plaintiff exhausted in

4  Exhibit B to second amended complaint.

5

### c.  Defendant's Reply

6    Defendant argues that Plaintiff concedes in his opposition that the health care appeal is the

7  relevant appeal regarding the March 12, 2010, incident.  Defendant argues that, despite Plaintiff's

8  claim that this health care appeal was the only appeal available to him because a CDCR Form, Notice

9  of Unusual Occurrence, dated March 13, 2010, regarding the March 12, 2010, attempted suicide, does

10  not indicate chemical agents were sued, an inmate may appeal any department decision, action,

11  condition, or policy which they can demonstrate as having an adverse effect upon their welfare.  Cal.

12  Code. Regs., tit. 15, § 3084.1(a).  Defendant further argues that this appeal did not put prison officials

13  on notice of the nature of the instant suit and it was initially grieved four months after the initiation of

14  the instant lawsuit.

15

### d.  Plaintiff's Surreply

16    In his surreply, Plaintiff points to Exhibit C attached to the second amended complaint and

17  argues this inmate 602 appeal was partially granted at the informal level on May 27, 2010, and

18  Plaintiff filed the instant action on June 15, 2010.  This inmate appeal was partially granted on May

19  27, 2010, as follows:

20    I interviewed Dr. Martin, who corroborated the statement that when he interviewed
LPT Martinez, she admitted that she had not announced her presence, did not knock on
21    the door, when she returned to inmate Hernandez' cell and caught him with his pants
down.  He could not have been exposing himself because he was not aware she was
22    there.

23
(ECF No. 22, Second Amd. Compl., Ex. C.)

24

25

### e.  Court's Finding

26    If Defendant contends that, under CDCR regulations and policies, Plaintiff could have but did

27  not file a proper CDCR grievance, despite his claims of such compliance, Defendant can renew his

28  exhaustion argument in a motion for summary judgment, appropriately supported by declaration and

7

1    other evidence.  See Albino v. Baca, 747 F.3d at 1169 ("In a typical PLRA case, a defendant will have

2    to present probative evidence-in the words of Jones, to 'plead and prove'-that the prisoner has failed to

3    exhaust available administrative remedies under § 1997e(a).")  Based on the record presently before it,

4    the Court cannot find that the second amended complaint conclusively shows on its face that Plaintiff

5    failed to exhaust the available administrative remedies.  By this finding, it should not be inferred that

6    a Rule 56 summary judgment motion may not resolve this issue in a subsequent determination.

7              **C.        Dismissal of May 3, 2011, Claim as Barred by <u>Heck v. Humphrey</u>**

8              1.      <u>Favorable Termination Rule</u>

9              To prevail on his excessive force claim, Plaintiff must demonstrate that the force at issue was

10    applied maliciously and sadistically to cause harm rather than in a good-faith effort to maintain or

11    restore discipline.  Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam).  In determining whether the

12    use of force was wanton and unnecessary, courts may evaluate the extent of the prisoner's injury, the

13    need for application of force, the relationship between that need and the amount of force used, the

14    threat reasonable perceived by the responsible officials, and any efforts made to temper the severity of

15    a forceful response.  Hudson v. McMillian, 503 U.S. 1, 7 (1992).

16            It has long been established that state prisoners cannot challenge the fact or duration of their

17    confinement in a section 1983 action and their sole remedy lies in habeas corpus relief.  Wilkinson v.

18    Dotson, 544 U.S. 74, 78 (2005).  Often referred to as the favorable termination rule or the Heck bar,

19    this exception to section 1983's otherwise broad scope applies whenever state prisoners "seek to

20    invalidate the duration of their confinement-either directly through an injunction compelling speedier

21    release or indirectly through a judicial determination that necessarily implies the unlawfulness of the

22    State's custody."  Wilkinson, 544 U.S. at 81; Heck v. Humphrey, 512 U.S. 477, 482, 486-487 (1994);

23    Edwards v. Balisok, 520 U.S. 641, 644 (1997).  Thus, "a state prisoner's [section] 1983 action is

24    barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter

25    the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-if

26    success in that action would necessarily demonstrate the invalidity of confinement or its duration."  Id.

27    at 81-82.

28

1    A disciplinary conviction for battery on a peace officer is not necessarily inconsistent with a

2  finding in the inmate's favor on an excessive force claim brought pursuant to section 1983 claim such

3  that the latter claim is <u>Heck</u> barred as a matter of course.  Whether a finding in favor of the inmate on

4  his section 1983 claim will necessarily invalidate the disciplinary conviction is a fact-specific inquiry,

5  and disciplinary conviction and the facts underlying the section 1983 claim. See <u>Smith v. City of</u>

6  <u>Hemet</u>, 394 F.3d 689, 697-698 (9th Cir. 2005) (excessive force claim was not <u>Heck</u> barred where the

7  force occurred subsequent to the conduct upon which the conviction for willfully resisting, delaying or

8  obstructing peace officer in performance of duties was based); <u>Cunningham v. Gates</u>, 312 F.3d 1148,

9  1153-1155 (9th Cir. 2002) (inmate's felony murder conviction Heck barred any civil claim that he was

10  not the provocateur of the incident at issue and barred his excessive force claim based on a danger

11  creation theory); <u>see also</u> <u>Burnell v. Gonzalez</u>, NO. 1:10-cv-00049-LJO-BAM PC, 2012 WL 3276967,

12  at *13-15 (E.D. Cal. Aug. 9, 2012, adopted in full, 2012 WL 4468738 (E. D. Cal. Sept. 27, 2012);

13  <u>Scott v. Palmer</u>, No. 1:09-cv-01329-LJO-SKO PC, 2012 WL 396587, at *2-5 (E.D.Cal. Feb. 7, 2012),

14  adopted in full, 2012 WL 930862 (E.D. Cal. Mar. 19, 2012);[2] <u>McElroy v. Cox</u>, No. 1:08-cv-1221-

15  JTM-MDD, 2011 WL 2580294, at *9 (N.D. Cal. Jun. 23, 2011).

16      a.      **Defendant's Motion**

17    Defendant argues that Plaintiff seeks relief against him for use of excessive force, alleging that

18  he was wrongly found guilty at a hearing for assault on a peace officer.  As a result of the rules

19  violation, Plaintiff was assessed 150 days of loss of good time credit.[3]  Defendant contends that

20  Plaintiff's claim is not that the force used on him in response to his behavior was excessive, rather, he

21  contends that he was fully compliant with staff orders and did absolutely nothing, thereby rendering ay

22  force excessive.  However, because Plaintiff was found guilty of assault on a peace officer for the

23  same conduct underlying his complaint, his May 3, 2011, claim is barred by <u>Heck</u>, 512 U.S. 477, and

24  <u>Edward</u>, 520 U.S. 641.

25

26  [2] Plaintiff's motion for reconsideration of dismissal of claim as <u>Heck</u> barred was subsequently granted on the ground that Plaintiff succeeded in gaining restoration of his time credits.  <u>Scott v. Palmer</u>, 2012 WL 5866511 (E.D.Cal. Nov. 19, 2012).

27

28  [3] The category of Plaintiff's disciplinary offense was changed from a Division B to a Division D offense and his number of days of good time credits were reduced to between 61 and 90 days.  (ECF No. 32, Def's Mot. at 10 n.2.)

1

**b.      Plaintiff's Opposition**

2       Plaintiff argues that because his good time credits have been restored, <u>Heck</u> does not bar his

3 challenge to his disciplinary conviction and sentence.

4

**c.      Defendant's Reply**

5       Defendant argues that "Plaintiff's claims are squarely barred because they depend on the

6 theory that he was not the provocateur and did nothing to illicit the use of chemical agents against him,

7 which would categorically nullify his RVR conviction for assault on a peace officer." (ECF No. 39,

8 Reply, at 5.) (citations omitted).  Defendant further argues "Plaintiff's underlying finding of guilt for

9 assault of a peace officer, and the resulting loss of good time credits, have never been reversed,

10 expunged, or called into question by issuance of a writ of habeas corpus.  As a result, his claims of

11 excessive use of force by Defendant stemming from the May 3, 2011 incident are barred by <u>Heck</u> and

12 <u>Edwards</u>, and therefore, should be dismissed." <u>Id.</u>

13

**d.      Court's Finding**

14       Plaintiff's argument in his opposition against the Heck bar merits disposition of the instant

15 motion.  As demonstrated by the parties briefing, there is an unresolved dispute as to whether

16 Plaintiff's claim is even barred by <u>Heck</u> based on the credit loss.  Defendant submits that Plaintiff

17 initially lost 150 good-time credits, and although the violation was subsequently reduced to a lesser

18 charge, Plaintiff still lost between 61 and 90 times of credit loss.  Plaintiff asserts that the credit loss

19 was later restored after he remained disciplinary free for a period of time.  The Court cannot resolve

20 the pending motion for the judgment on the pleadings, without further evidence, as the dispute cannot

21 be adequately determined because if no good-time credits are called into question a § 1983 action

22 challenging a prison disciplinary proceeding may be allowed to proceed.  <u>See</u> <u>Muhammad v. Close</u>,

23 540 U.S. 749, 754-755 (2004); <u>see also</u> <u>Ramirez v. Galaza</u>, 334 F.3d 850, 856 (9th Cir. 2003) (Ninth

24 Circuit clarified that application of Heck's favorable termination rule "turns solely on whether a

25 successful § 1983 action would necessarily render invalid a conviction, sentence, or administrative

26 sanction that affected the length of the prisoner's confinement.")  Accordingly, on this record,

27 Defendant's motion for judgment on the pleadings should be denied, to renewal by way of motion for

28 summary judgment, supported with sufficient evidence to resolve this dispute.

**V.**

**REQUEST FOR SEVERANCE**

A basic lawsuit is a single claim against a single defendant.  Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action."  However, unrelated claims that involve different defendants must be brought in separate lawsuits.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Defendant moves for severance of the excessive force claims if survived from dismissal. Because the Court has not yet resolved the grounds Defendant requests for dismissal, severance at his juncture is premature and need not and will not be determined at this time.

**VI.**

**RECOMMENDATION**

Based on the foregoing,

IT IS HEREBY RECOMMENDED that:

1.    Defendant's motion to strike Plaintiff's surreply be DENIED;

2.    Defendant's motion for judgment on the pleadings be DENIED, to renewal by way of a motion for summary judgment following the resolution of the instant recommendation; and

3.    Defendant's motion for severance be DENIED, without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the

//

//

11

specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **November 12, 2014**

_____
UNITED STATES MAGISTRATE JUDGE