UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY HERNANDEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>A. MARTINEZ,<br><br>　　　　Defendant. | Case No.: 1:10-cv-01064-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED<br><br>[ECF No. 49] |

Plaintiff Tony Hernandez is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

## I.

## BACKGROUND

This action is proceeding against Defendant Martinez based on Plaintiff's claim of excessive force arising on May 3, 2011.[1]

On April 22, 2015, Plaintiff filed a motion for summary judgment. (ECF No. 49.)

On May 5, 2015, Defendant filed a partial motion for summary judgment. (ECF No. 50.) Plaintiff did not file an opposition.

---

[1] Plaintiff's excessive force against Defendant Martinez arising on March 12, 2010, was dismissed from the action for lack of exhaustion of the administrative remedies. (ECF Nos. 58, 60.)

1

On September 4, 2015, Findings and Recommendations were issued recommending that Defendant's partial motion for summary judgment be granted.  (ECF No. 58.)  The Findings and Recommendations were adopted in full on October 22, 2015.  (ECF No. 60.)

Defendant filed a timely opposition to Plaintiff's motion for summary judgment on November 23, 2015.  (ECF No. 61.)  Pursuant to Local Rule 230(*l*), the motion is deemed submitted for review.

## II.

## LEGAL STANDARD

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011).  Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact.  Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The Court may consider other materials in the record not cited to by the parties, but it is not required to do so.  Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

In resolving cross-motions for summary judgment, the Court must consider each party's evidence.  Johnson v. Poway Unified Sch. Dist., 658 F.3d 954, 960 (9th Cir. 2011).  Plaintiff bears the burden of proof at trial, and to prevail on summary judgment, he must affirmatively demonstrate that no reasonable trier of fact could find other than for him.  Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007).  Defendants do not bear the burden of proof at trial and in moving for summary judgment, they need only prove an absence of evidence to support Plaintiff's case.  In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010).

///
///
///

In judging the evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence, Soremekun, 509 F.3d at 984 (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted).

In arriving at this recommendation, the Court has carefully reviewed and considered all arguments, points and authorities, declarations, exhibits, statements of undisputed facts and responses thereto, if any, objections, and other papers filed by the parties. Omission of reference to an argument, document, paper, or objection is not to be construed to the effect that this Court did not consider the argument, document, paper, or objection. This Court thoroughly reviewed and considered the evidence it deemed admissible, material, and appropriate.

### III.
### DISCUSSION

**A.     Summary of Plaintiff's Complaint**

On April 9, 2010, Defendant A. Martinez threatened to mace Plaintiff. On May 3, 2011, Defendant A. Martinez carried out his threat to again mace Plaintiff, when he requested legal photo copies of legal documents. Defendant A. Martinez opened the tray slot to Plaintiff's cell and threw the briefs into the cell. When Plaintiff reached down to pick up the papers, Defendant A. Martinez sprayed Plaintiff's back with mace and directed the chemical agent onto the legal documents, stating "you['re] going to remember this day walked to the top of the stairs yelling I need a team." Plaintiff's cellmate began screaming that he could not breathe because he was allergic to make. In response, Plaintiff began kicking the door to get medical and staff attention. Defendant A. Martinez then returned to continue spraying more mace into the cell through the food tray slot. The mace covered Plaintiff's face, chest, and back.

///
///
///

Defendant A. Martinez attempted to have Plaintiff's cellmate confirm that Plaintiff threatened Defendant A. Martinez. However, Plaintiff's cellmate responded that A. Martinez sprayed them for no reason. Defendant A. Martinez charged Plaintiff with assault on staff. As a result, Plaintiff was found guilty of a 115 Rules Violation Report assault on staff.

### B. Eighth Amendment Excessive Force

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations omitted). For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-8 (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

### C. Parties Positions

Plaintiff's motion for summary judgment is primarily a rehash of the allegations set forth in his complaint and recites allegations that have been dismissed from the action, namely, facts related to an alleged assault on March 12, 2010.

Defendant requests that Plaintiff's motion for summary judgment be denied on procedural grounds because the motion is not accompanied by a "Statement of Undisputed Facts," which is a mandatory requirement under Local Rule 260(a). Defendants further argue substantively Plaintiff's motion for summary judgment should be denied because he has failed to demonstrate the absence of a genuine issue of material fact on his claim of excessive force and for qualified immunity.

///

///

**D.      Findings on Plaintiff's Motion for Summary Judgment**

1.      <u>Failure to Comply With Local Rule 260(a)</u>

Local Rule 260(a) requires a party moving for summary judgment to file a Statement of Undisputed Facts which enumerates discretely (i.e., separately and distinctly) each of the specific material facts and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission or other document relied upon to establish that fact.

Plaintiff failed to submit a Statement of Undisputed Facts in support of his motion for summary judgment. Instead, Plaintiff merely lists all the exhibits that are attached to his second amended complaint. (ECF No. 49 at 2:26-4:8.) Plaintiff fails to indicate which asserted facts are supported by which document. Plaintiff cannot expect the Court or Defendant to search through all of the exhibits attached to the operative complaint and ascertain which facts may support his claims. (Id. at 13:25-27.) Because Plaintiff failed to comply with the mandatory requirement under Local Rule 260(a) to file a Statement of Undisputed Facts, Plaintiff's motion is subject to denial, without prejudice, on procedural grounds for his failure to comply with Local Rule 260(a). See <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (moving party must meet its initial responsibility before the burden shifts to the opposing party to establish that a genuine issue as to any material fact does exist); <u>Robert v. California Dep't of Corr. & Rehab.</u>, No. 2:12-cv-0247 KJM AC, 2014 WL 2109925, at *2 (E.D. Cal. May 20, 2014). Accordingly, Plaintiff's motion for summary judgment must be denied as procedurally defective. However, as explained below, the motion also fails substantively on the merits.

2.      <u>Failure to Establish Material Facts are Undisputed</u>

Because Plaintiff bears the burden of proof at trial, Plaintiff's motion for summary judgment must affirmatively demonstrate that no reasonable trier of fact could find other than for him.

Plaintiff's motion for summary judgment alleges that on May 3, 2011, Defendant Martinez used excessive force against him by disbursing OC pepper spray at Plaintiff for no reason whatsoever. (ECF No. 49 at 8:24-9:13.) Plaintiff's motion merely cites to documents that are attached as exhibits to his second amended complaint (<u>see</u> ECF No. 49 at 2-3); however, the documents fail to establish the absence of a genuine dispute of material fact.

1     Of particular relevant Plaintiff cites to Exhibit K which is a Rules Violation Report (RVR)
2  finding Plaintiff guilty of assault on May 3, 2011, on Defendant Martinez.  The RVR directly
3  contradicts Plaintiff's allegation that Defendant used OC pepper spray for no reason whatsoever
4  resulting in the use of excessive force.  (See ECF No. 22-1 at 51-98.)  Plaintiff has not demonstrated
5  that the relevant material facts are undisputed, and Plaintiff has failed to shift the burden to the
6  Defendant to demonstrate the existence of a genuine issue as to any material fact regarding
7  Defendant's liability.  Plaintiff cannot merely present the factual allegations set forth in the operative
8  complaint and contend he is entitled to summary judgment in his favor.  Accordingly, Plaintiff's
9  motion for summary judgment must be denied.

10     3.     Qualified Immunity

11     Plaintiff's motion contains a section entitled "Qualified Immunity," Plaintiff does not support
12 his claim either legally or factually.   Rather, Plaintiff makes arguments regarding the March 12, 2010,
13 excessive force incident which has been dismissed for failure to exhaust the administrative remedies,
14 and makes the same argument set forth in his complaint as to the May 3, 2011, incident, without
15 proper evidence to support his allegations.  Thus, Plaintiff has failed to meet his initial burden of
16 identifying evidence in support of his factual claims that establish a lack of genuine dispute of material
17 fact.  Accordingly, Plaintiff's motion for summary judgment on the issue of qualified immunity must
18 be denied.

### IV.

### RECOMMENDATION

21     Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for summary
22 judgment be DENIED in its entirety.

23     This Findings and Recommendation will be submitted to the United States District Judge
24 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after
25 being served with this Findings and Recommendation, the parties may file written objections with the
26 Court.  The document should be captioned "Objections to Magistrate Judge's Findings and
27 Recommendation."  The parties are advised that failure to file objections within the specified time may

1  result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014)
2  (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

4  IT IS SO ORDERED.

5  Dated:   **December 4, 2015**

6                                             UNITED STATES MAGISTRATE JUDGE