# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY HERNANDEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>A. MARTINEZ,<br><br>    Defendant. | Case No. 1:10-cv-01064-SAB-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF NO. 80) |

    Plaintiff Tony Hernandez is a state prisoner appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On July 25, 2016, Plaintiff filed a motion for the appointment of counsel. (ECF No. 80.) Plaintiff has not previously sought the appointment of counsel.

    Plaintiff is advised that there is no constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

    Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

    In the present case, the Court has considered Plaintiff's moving papers, but does not find

the required exceptional circumstances. <u>LaMere v. Risley</u>, 827 F.2d 622, 626 (9th Cir. 1987); <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991). Plaintiff is proceeding on a claim of excessive force. The legal issues present in this action are not complex, and Plaintiff has thoroughly set forth his arguments in the July 12, 2013, second amended complaint filed in this action. Plaintiff argues that he has been transferred to Salinas Valley State Prison for enhanced outpatient mental health treatment, and his legal property has yet to be transferred to him. Plaintiff argues that he "cannot adequately remember the extensive case records, dates of CDC 115 records, medical records, pain and suffering, surgery records." (ECF No. 80 at 2:15-16.) Plaintiff also explains that he cannot afford to retain counsel. The Court notes that Plaintiff timely filed his pretrial statement on July 27, 2016. (ECF No. 81.) In forma pauperis status alone does not alone entitle Plaintiff to appointed counsel. That it is difficult for Plaintiff to obtain information and cannot afford to retain counsel does not constitute exceptional circumstances.

While a pro se litigant may be setter served with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. <u>Rand</u>, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. §1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better – particularly in the realm of discovery and the securing of expert testimony.")

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for the appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated: **July 27, 2016**

UNITED STATES MAGISTRATE JUDGE

2